UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>ROMMER VALDEZ,        )<br>        Defendant.        ) | Criminal No. 15-10116-WGY |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**YOUNG, D.J.**

WHEREAS, on May 12, 2015, the United States Attorney for the District of Massachusetts filed a one-count Information charging defendant Rommer Valdez (the "Defendant") with Conspiracy to Produce False Identification Documents, in violation of 18 U.S.C. § 371 (Count One);

WHEREAS, the Information also contained a forfeiture allegation, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense in violation of 18 U.S.C. § 371 charged in Count One of the Information, of all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense, pursuant to 18 U.S.C. § 982(a)(2)(B), and all personal property used, or intended to be used, to commit the offense, pursuant to 18 U.S.C. § 1028(b)(5);

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), incorporating 21 U.S.C.

§ 853(p), to seek forfeiture of all other property of the Defendant, up to the value of the property described above;

WHEREAS, on July 29, 2015, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on November 24, 2014;

WHEREAS, in Section 11 of the written plea agreement, the Defendant agreed to forfeit to the United States the proceeds that the Defendant obtained, directly or indirectly, as a result of his violation of Count One of the Information;

WHEREAS, the United States has determined that based on the evidence in this case, the amount of proceeds the Defendant obtained, directly or indirectly and as a result of the violation to which he pled guilty, is equal to $26,200 in United States currency;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on July 29, 2015, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $26,200 in United States currency, pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1028(b)(5), as this amount represents the proceeds of the Defendant's crimes;

WHEREAS, the United States has filed a Motion for Order of Forfeiture (Money Judgment) that would consist of a personal money judgment against the Defendant, in the amount of $26,200 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $26,200 in United States currency, pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1028(b)(5).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. § 982, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

_William G. Young_
WILLIAM G. YOUNG
United States District Judge

Date: Nov-4, 2015