**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ROMMER VALDEZ,**<br>**Defendant** | Criminal No. 15-CR-10116-WGY |

## GOVERNMENT'S SENTENCING MEMORANDUM

### *FACTS AND RECOMMENDATION*

Mr. Valdez worked for the Massachusetts Registry of Motor Vehicles. The Commonwealth entrusted him to ensure that the RMV issued people identification documents only if they could prove that they were who they said they were. It is obvious why the Commonwealth did not want to help people establish false identities. But Mr. Valdez did just that. He used the RMV's databases to check whether his co-conspirators customers could present certain names, Social Security numbers, and birthdates to the RMV to obtain false identification documents without triggering an alarm. PSR ¶ 18. He did this at least 136 times. *Id.* And when the conspiracy's customers presented false proof of identity to Mr. Valdez at the RMV, he knowingly accepted it so they could get their false identification documents. PSR ¶ 21. He did this about 42 times. *Id.* So rather than helping the RMV prevent identity fraud, Mr. Valdez turned the RMV into an unwitting accomplice of identity fraud. He did all this so he could collect bribes. PSR ¶¶ 20, 22.

Consequently, the United States moves this Court to sentence Mr. Valdez to 5 months of

imprisonment; 36 months of supervised release following imprisonment, the first 5 months of which should be spent in home detention; a fine between $3,000 and $30,000, unless the Court finds that Mr. Valdez is unable and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine; forfeiture as requested in a separate motion; and a $100 mandatory special assessment.  Although this sentence is fairly minimal in light of Mr. Valdez's crimes, it is within the sentencing guidelines and, most importantly, will warn others that buying and selling false RMV identification documents comes at a cost greater than just losing your job and the bribes you took.

### *SENTENCING CONCESSIONS*

Mr. Valdez's likely bid for a sentence of probation should be weighed against the various concessions that he has received already.

The first concession was a promise not to charge him with aggravated identity theft under 18 U.S.C. § 1028A even though the charge surely fit.[1]  That concession saved him a mandatory two years of incarceration.[2]

The second concession was a sentencing guideline recommendation lower than he was promised.  Although the parties originally agreed that Mr. Valdez's total offense level before

---

[1] Section 1028A punishes "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person."  Mr. Valdez used and conspired to use without lawful authority the means of identification of many other people.  He did so during and in relation to a violation of 18 U.S.C. § 1028(a)(1), a felony violation enumerated in § 1028(c)(4) ("any provision contained in this chapter relating to fraud and false statements), other than this section or section 1028(a)(7)").  Consequently, a charge under § 1028A was appropriate.

[2] Section 1028A requires a mandatory two-year term of imprisonment consecutive to the sentence for the underlying felony.  *See* 18 U.S.C. § 1028A(b).

acceptance of responsibility is 22, *see* Plea Agreement § 3(i)-(iv), the United States later agreed to an alternate calculation that lowers the total offense level from 22 to 14.  *See* PSR Government's Objection #1, at 17.

The third concession was a sentencing recommendation much lower than he was promised. Although the United States originally agreed to recommend a sentence consistent with the original guideline calculation, which would have amounted to 30 to 37 months of incarceration, the United States is now recommending a sentence consistent with the new guideline calculation, which is only 5 months of incarceration.

The fourth concession was a motion for forfeiture that sought less money than could have been sought.  As part of a conspiracy, Mr. Valdez could be required to forfeit the proceeds of the entire conspiracy, not just the proceeds that he received.  *See United States v. Hatfield,* 795 F. Supp. 2d 219, 227 (E.D.N.Y. 2011) ("A conspiracy's proceeds are subject to forfeiture.  And a defendant incurs forfeiture liability for the proceeds of the entire conspiracy, including acts that the defendant was not personally responsible for.") (citation and internal quotation marks omitted). But Mr. Valdez is being asked to forfeit only the proceeds that were paid or promised to him.[3]  He

---

[3] Mr. Valdez is guilty of two things:   accepting bribes for checking information in RMV databases, and accepting bribes for accepting false proof of identity from applicants for driver's licenses.  The Court can estimate those bribes based on the undisputed portion of the pre-sentence report.  *See* Fed. R. Crim. P. 32(i)(3)(A) ("At sentencing, the court:  (A) may accept any undisputed portion of the presentence report as a finding of fact.").  He was paid or promised payment of $100 for checking info between 136 and 200 times.  PSR ¶¶ 18, 20.  He was paid or promised payment of $300 to $400 for accepting false proof of identity.  PSR ¶¶ 21-22.  The minimum he was promised was therefore ($100 x 136) + ($300 x 42) = $13,600 + $12,600 = $26,200.  This is the amount the United States seeks to forfeit.  It is an estimate, but the amount of forfeiture need only be reasonable and fair.  *See United States v. Iacaboni,* 363 F.3d 1, 7 (1st Cir. 2004) ("We conclude that the district court's findings were sound in light of the small segment of Iacaboni's business on which they were based. Indeed, the amount ordered forfeited appears to

is not being asked to also forfeit the larger sum of the proceeds that his co-conspirators received.[4]

In other words, Mr. Valdez has already received considerable leniency. This leniency has resulted in a sentencing recommendation well below what Mr. Valdez bargained for.

### *PUNISHMENT AND GENERAL DETERRENCE*

The reason for imposing a short sentence of imprisonment rather than a wholly probationary sentence is punishment and general deterrence. Giving Mr. Valdez only probation would not be much of a punishment: committing a federal crime should be punished with more than simply losing your job and having to pay back what the conspiracy took in. And giving Mr. Valdez only probation would not be much of a deterrent to the many other government workers who have control of identity information and the means to commit identity fraud.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:   */s/ Scott L. Garland*
Scott L. Garland
Assistant U.S. Attorney

Date:   December 4, 2015

---

be a reasonable and fair estimate.").

[4] To anticipate an argument that Mr. Valdez does not currently have the money that he was either paid (because he spent it) or promised but not paid (because he never received it): on forfeiture, Mr. Valdez is liable for any proceeds regardless of whether he currently has the proceeds or not. *See United States v. Misla-Aldarondo,* 478 F.3d 52, 73-74 (1st Cir. 2007) ("If the government has proven that there was at one point an amount of cash that was directly traceable to the offense, and that thus would be forfeitable under 18 U.S.C. § 982(a), that is sufficient for a court to issue a money judgment, for which the defendant will be fully liable whether or not he still has the original corpus of tainted funds — indeed, whether or not he has any funds at all.").

**CERTIFICATE OF SERVICE**

      I hereby certify that this document is being filed through the ECF system and therefore will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                          */s/ Scott L. Garland*
                                          Scott L. Garland
                                          Assistant U.S. Attorney

Date:   December 4, 2015