## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA**

**v.**

**ROMMER VALDEZ,**
**Defendant**

**Criminal No. 15-CR-10116-WGY**

## GOVERNMENT'S OPPOSITION TO MOTION BY DEFENDANT VALDEZ TO CORRECT THE SENTENCE

Mr. Valdez is a former RMV clerk who helped people obtain legitimate RMV identity documents using the identities of other people.   On December 8, 2015, he was sentenced orally to 5 months of imprisonment, followed by 36 months of supervised release (the first 5 months of which are to be spent in home confinement), forfeiture of $26,200, a $3,000 fine, and a $100 special assessment.   On December 16, 2015, he received a written judgment that incorporated the sentence previously imposed orally.   On December 23, 2015, 15 days after the sentencing hearing, Mr. Valdez filed his self-styled motion under Fed. R. Crim. P. 35 to "correct" his criminal sentence by substituting community service for the $3,000 fine.

The motion must be denied because it is not timely, it states no grounds for relief under Rule 35(a) or (b), and is in actuality the type of motion for reconsideration of a final criminal sentence that the First Circuit has recently held not cognizable under the law.

### *UNDER RULE 35(a), THE MOTION IS NOT TIMELY*

Although Mr. Valdez does not specify which of Rule 35's prongs cover this motion, it must be Rule 35(a), which allows the Court to "correct a sentence that resulted from arithmetical,

technical, or other clear error."   (Rule 35(b) cannot apply because it covers post-sentence

substantial assistance, which Mr. Valdez did not provide.)

But under Rule 35(a) the motion was not timely.   Under Rule 35(a), the motion had to

have been filed "[w]ithin 14 days after sentencing," Rule 35(a), with "sentencing" defined as "the

oral announcement of the sentence," Rule 35(c).   With the sentence having been orally announced

during the sentencing hearing on December 8, 2015, the motion was due by December 22, 2015.

But Mr. Valdez's motion was filed on December 23, 2015, a day late.

The Court could not extend Rule 35(a)'s deadline even if it wanted to, because the 14-day

deadline is jurisdictional:

> Even if the motion had fit within Fed. R. Crim. P. 35(a), the court
> did not rule on it within the time limits prescribed by that rule.   The
> 14–day time limit of Fed. R. Crim. P. 35(a) is jurisdictional, and so a
> district court choosing to resentence under that Rule must do so
> within 14 days of the initial sentence.   That is, the motion must be
> ruled on by the district court within 14 days, not simply filed with
> the clerk of court during that time.   If the 14–day time period
> expires with no ruling from the district court, the district judge's
> jurisdiction to alter the sentence is extinguished, and the motion is
> deemed denied as of the date the period expires.

*United States v. Gonzalez-Rodriguez,* 777 F.3d 37, 42 (1st Cir. 2015) (citations, quotation

marks, alterations, and footnote omitted).

So not only was Mr. Valdez's motion too late, so too would be any grant of the motion by

the Court.

### UNDER RULE 35(a), THE MOTION CITES NO OBVIOUS ERROR OR MISTAKE

Even had the motion been timely, it would still have to be denied for exceeding Rule

35(a)'s narrow grounds for revising a final sentence.   As quoted above, the rule allows the Court

to "correct a sentence that resulted from arithmetical, technical, or other clear error."   Rule 35(a).

These grounds are very narrow.   "The authority to correct a sentence under [Rule 35(a)] is

intended to be very narrow and to extend only to those cases in which an obvious error or mistake

has occurred in the sentence. . . . The subdivision is not intended to afford the court the opportunity

. . . simply to change its mind about the appropriateness of the sentence."   Fed. R. Crim. P. 35

advisory committee notes (1991 Amendments), *quoted, with alteration, in Gonzalez-Rodriguez,*

777 F.3d at 42.

   Here, Mr. Valdez has not specified a miscalculation of the sentencing guidelines, a

miscalculation of his financial means, a misstatement of the sentence that the Court intended to

impose, or any other obvious error or mistake.   Nor did he do so at the sentencing hearing, after

the Court pronounced the same judgment following his counsel's presentation of the same

arguments at sentencing (community service versus a fine).

   And it is difficult to understand how adding a $3,000 fine to $26,200 in forfeiture[1]   would

be an "obvious error or mistake."   Mr. Valdez essentially claims that the fine and the forfeiture

exceed his financial means.   His financial documents, however, disclose some income, some

assets, some liabilities, and, importantly, a small positive monthly cash flow.   In other words,

although Mr. Valdez is unable to pay his forfeiture and a fine immediately, the Court could

reasonably have concluded that Mr. Valdez could pay them both eventually in very small

---

[1] Mr. Valdez errs by claiming he was ordered to pay $26,700 in *restitution*.   It was not restitution.
There was no restitution because Mr. Valdez did not steal or defraud anyone of the bribes paid to
him.   Thus, the bribes need not be restored to some victim through restitution.   The bribes do,
however, need to be forfeited because Mr. Valdez must disgorge his conspiracy's criminal
proceeds.   This is why the Court imposed forfeiture rather than restitution.   *See* Judgment at 5-6.
Moreover, the amount of forfeiture was $26,200, rather than $26,700.   *Id.*

increments.   This is not the stuff of obvious error or mistake.[2]

### *AT BEST, THIS MOTION IS FOR RECONSIDERATION OF A FINAL CRIMINAL SENTENCE, AND IS THEREFORE NONCOGNIZABLE*

Without any grounds to correct an obvious error or mistake under Rule 35(a), Mr. Valdez is essentially asking the Court to reconsider its sentence.   But a final criminal sentence cannot be revised upon a motion for reconsideration ungrounded by any rule or statute.   The First Circuit has this made plain:   "This court has recently emphasized that there is simply no such thing as a 'motion to reconsider' an otherwise final sentence." *Gonzalez- Rodriguez,* 777 F.3d at 41 (citation, quotation marks, and alteration omitted).   A motion to alter a final criminal sentence must instead be made under a specific statute or under Rule 35(a).   *See id.*   Yet Mr. Valdez's motion cites no grounds under Rule 35(a), *see supra,* or under any statute that would give him relief. Consequently, to the extent that his motion to correct his sentence is truly a motion for reconsideration, it must be denied.

---

[2] This conclusion is fortified by the fact that the $26,200 that Mr. Valdez owes is forfeiture rather than restitution.   The most common objection to a fine is that it will interfere with payment of restitution to the victims.   This is why 18 U.S.C. § 3571(b) requires the Court to "impose a fine . . . only to the extent that such fine . . . will not impair the ability of the defendant to make restitution."   So if Mr. Valdez owed restitution, he might have a point that the fine (payable to the United States) could harm the victims.

But the rights of third-party victims are not at stake here.   The money he owes is not restitution to victims, but rather forfeiture payable to the United States.   So essentially his argument is that a fine payable to the United States would interfere with payment of a money judgment to the United States.   The United States will take its chances.

4

*CONCLUSION*

For all these reasons, Mr. Valdez's motion must be denied.


                                            Respectfully submitted,

                                            CARMEN M. ORTIZ
                                            United States Attorney


                              By:     */s/ Scott L. Garland*
                                      Scott L. Garland
                                      Assistant U.S. Attorney
Date:   January 4, 2016


<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that this document is being filed through the ECF system and therefore will
be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                      */s/ Scott L. Garland*
                                      Scott L. Garland
                                      Assistant U.S. Attorney
Date:   January 4, 2016